| | |
|---|---|
| 1 | Salar Atrizadeh, Esq. (SBN: 255659) |
| | LAW OFFICES OF SALAR ATRIZADEH |
| 2 | 9701 Wilshire Blvd., 10th Floor |
| | Beverly Hills, CA 90212 |
| 3 | Telephone: 310-694-3034 |
| | Facsimile: 310-694-3057 |
| 4 | Email: salar@atrizadeh.com |
| 5 | Attorneys for Plaintiff |
| | STEPHANIE SMYTHE |

FILED

2015 NOV 27 P 2:25

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LB

STEPHANIE SMYTHE, an individual,

Plaintiff,

vs.

DOES 1-10, inclusive,

Defendants.

Case No: CV 15-80292 MISC

PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF STEPHANIE SMYTHE IN SUPPORT THEREOF

1
PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

1  TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that Plaintiff hereby submits the following Motion to compel non-party deponent, Twitter, Inc., to comply with a subpoena. This Motion will be heard on December 28, 2015, at 10:00 a.m., or as soon as permissible, at the United States District Court for the Northern District of California.

This Motion is submitted pursuant to Rules 26, 37, and 45 of the Federal Rules of Civil Procedure, and the applicable Local Rules. This Motion is based upon the Memorandum of Points and Authorities herein, the accompanying Declaration of Stephanie Smythe, and/or exhibits thereto, and any other evidence that may be presented at or before the hearing on this Motion.

Alternatively, by separate motion, under Rule 6 of the Federal Rules of Civil Procedure and/or L.R. 6-1 et seq., Plaintiff moves for an Order Shortening Time to hear this Motion due to the exigent circumstances set forth hereinbelow.

Dated: November 24, 2015            **LAW OFFICES OF SALAR ATRIZADEH**

By:  /s/ Salar Atrizadeh
     SALAR ATRIZADEH, ESQ.
     Attorneys for Plaintiff
     STEPHANIE SMYTHE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

Plaintiff, Stephanie Smythe ("Plaintiff"), by her counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure and applicable local rules, submits this memorandum in support of her Motion to Compel Compliance with Subpoena ("Motion") that this Honorable Court order the non-party deponent, Twitter, Inc. ("Twitter"), to comply with the subpoena ("Subpoena") served on September 11, 2015, and produce the documents requested therein.[1] Attached hereto as Exhibit "1" and incorporated by reference herein is a true and correct copy of the Subpoena.

On June 24, 2015, Plaintiff filed her complaint ("Complaint") against Doe Defendants ("Defendants" or "Doe Defendants") in the United States District Court for the Central District of California ("Central District") under case number 2:15-cv-04801-R (MRWx). Thereafter, Plaintiff has taken reasonable and necessary steps to identify and prosecute Defendants. Thus far, the Central District has issued several orders towards non-party deponents (e.g., Bright House Networks, Time Warner Cable, Comcast Corporation) to mandate disclosure of basic subscriber information that could lead to the identification and prosecution of Defendants.[2] However, on November 17, 2015, the Central District denied Plaintiff's motion to compel subpoena towards non-party deponent Twitter holding that, in this case, the proper venue to bring the motion to compel compliance with a subpoena is in the district where compliance is required (i.e., Northern District).[3]

In this case, Twitter has information about Defendants, as its subscribers, have engaged in conduct that constitutes defamation, invasion of privacy, and civil harassment in violation of state and/or federal laws. As indicated in the records, Plaintiff brought the instant action

---

[1] See Compl., ¶¶ 7, 11, 13, 25-33; see also Smythe Decl., ¶ 3.
[2] See Dkt Nos., 18, 22, 30-31.
[3] See Dkt No., 32.

against Defendants for, *inter alia*, violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), invasion of privacy, and civil harassment, and served the Subpoena requiring Twitter to produce documents related to her claims against Defendants.[4]

Plaintiff is entitled to these documents pursuant to Fed. R. Civ. P. Rule 26(b). However, on July 13, 2015, Twitter submitted a letter towards Plaintiff, which included a series of objections, and refused to produce the requested documents without a court order.[5] Attached hereto as Exhibit "2" and incorporated by reference herein is a true and correct copy of the letter. Accordingly, based upon the circumstances, Plaintiff moves this Court to order Twitter to respond to Plaintiff's Subpoena and provide the requested basic subscriber information.

## II.    ARGUMENT

### A. The Courts Routinely Allow Discovery of Personally Identifiable Information of Subscribers From Internet Service Providers By Third Parties Where Such Discovery Is Relevant To A Claim Or Defense Of A Party

The courts routinely allow discovery of personally identifiable information of subscribers from cable television operators and Internet Service Providers ("ISP") by third parties where such discovery is relevant to a claim or defense of a party. See, e.g., *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (citing Fed. R. Civ. P. 26(b)(1), the court held that the district court erred in not ordering access to cable subscription lists pursuant to 47 U.S.C. § 551(c)(2)(B)); *In re U.S.*, 36 F. Supp. 2d 430 (D. Mass. 1999) (Young C. J.) (court issued order pursuant to 18 U.S.C. § 2703(d), under seal, directing cable television operator-ISP to disclose specific information regarding subscribers without notice to subscribers); *In re Subpoena Duces Tecum to America Online, Inc.*, 2000 WL 1210372 (Cir. Ct. Va., January 31, 2000) *reversed on other grds., sub. nom., America Online Inc. v.*

---

[4] See Smythe Decl., ¶ 3.
[5] See Smythe Decl., ¶ 4.

4
**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

*Anonymous Publicly Traded Co.*, 542 S.E.2d 377 (Va. 2001) (court holds that ISP must respond to a *subpoena duces tecum* requiring it to identify four Internet service subscribers who allegedly anonymously posted defamatory statements and confidential insider information on the Internet).

Furthermore, it is clear that "[t]here is no privilege or restriction on releasing customer records to a non-governmental[1] entity pursuant to a court order." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). Moreover, under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." See *Fed. R. Civ. P. 26(b)(1)*. Here, the requested basic subscriber information that is outlined within the Subpoena is not privileged and it is relevant to Plaintiff's claims against the Doe Defendants.

### B. This Court Should Order Twitter to Comply With The Subpoena Because It Seeks Basic Subscriber Information Relevant To Plaintiff's Claims

Plaintiff has properly served the Subpoena that is narrowly tailored to procure documents directly relevant to her claim that Doe Defendants violated her rights by engaging in invasion of privacy, civil harassment, and defamation.[6] The documents requested by the Subpoena seek basic subscriber information (e.g., name, address, telephone number, e-mail address, account creation/deletion date, Internet Protocol, and/or Media Access Control addresses) of certain and cognizable accounts relating to the alleged unauthorized access.[7] As such, the basic subscriber information that is sought is clearly within the scope of permitted discovery under Fed. R. Civ. P. Rule 26(b).

Moreover, the courts routinely allow discovery of personally identifiable information of a John Doe, especially where a plaintiff alleges that an improper act was committed by the John Doe. *In re U.S.*, 36 F. Supp. 2d 430 (D. Mass. 1999) (Young C.J.); *In re Verizon Internet*

---

[6] See Compl., ¶¶ 7, 38-39, 43-48, 50, 56; see also Smythe Decl., ¶ 5.
[7] See Smythe Decl., ¶ 5.

*Services, Inc.*, 2003 WL 141147 (D.D.C. January 21, 2003) (court held that copyright holder has the right under the Digital Millennium Copyright Act to compel service provider to produce information, which identifies individual who allegedly transmitted infringing materials over service provider's network and granted motion to compel ISP to comply with a subpoena and produce certain personally identifiable information which would identify a Verizon customer who improperly downloaded MP3 files); *In re Subpoena Duces Tecum to America Online, Inc.*, 2000 WL 1210372 (Cir. Ct. Va., January 31, 2000) *reversed on other grds., sub. nom., America Online Inc. v. Anonymous Publicly Traded Co.*, 542 S.E.2d 377 (Va. 2001).

The courts have applied a "good faith" standard in determining whether to authorize disclosure pursuant to 47 U.S.C. § 551(c)(2)(B). See *Doe v. Cahill*, 884 A.2d 451 (Del. 2005). Thus, such disclosure is generally permitted upon a showing that: (1) plaintiff had a legitimate, good faith basis upon which to bring the underlying claim; (2) the identifying information sought was directly and materially related to her claim; and (3) the information could not be obtained from any other source. See *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 444 (Md. 2009) *(quoting Doe v. Cahill).*

Plaintiff certainly meets all three of these requirements. Hence, this Court should authorize the disclosure of the subscriber's personally identifiable information. Briefly, as outlined in the Complaint, Defendants have allegedly engaged in activities constituting unauthorized access to computers (i.e., hacking), invasion of privacy, and civil harassment.[8] Secondly, Plaintiff simply wants to identify the unknown party who is responsible for the unlawful conduct alleged in the Complaint, in order to serve him/her with the Complaint. The identity of Doe Defendants is not just materially related to Plaintiff's claims, but it is essential to the continued prosecution of this action. Finally, as stated herein, the information relating to

---

[8] See Compl., ¶¶ 7, 13, 38, 43-48; *see also* Smythe Decl., ¶¶ 3, 5.

1   the identity of Doe Defendants cannot be obtained from any other source.[9]

2   Here, Plaintiff's investigation indicates that Doe Defendants used the services of
3   Twitter to engage in unlawful activities against her. **For example, Plaintiff, by and through**
4   **her investigation, has determined that the "MFC_SCAM" profile was used to upload**
5   **Plaintiff's mortgage documents online and post defamatory comments about her.**[10]
6   
7   Attached hereto as Exhibit "3" and incorporated by reference herein is a true and correct copy
8   of the online comments.

9   Stated otherwise, an unknown person used the "MFC_SCAM" profile that was owned,
10  operated, or registered by Twitter, to engage in unlawful conduct.[11] Accordingly, this Court
11  should order Twitter to produce the basic subscriber information requested in the Subpoena.

12  **C. Plaintiff's Subpoena Seeks Information That Is Reasonably Calculated To Lead**
13  **To The Discovery Of Admissible Evidence**

14  Twitter's second objection is that Plaintiff seeks information that is not reasonably
15  calculated to lead to the discovery of admissible evidence. It also alludes that Plaintiff is
16  engaging in a fishing expedition. However, Twitter's statements are baseless. Plaintiff, by and
17  through her legal counsel, has shared relevant documents with Twitter in order to resolve this
18  issue without necessitating any judicial intervention. For example, on August 24, 2015,
19  
20  Plaintiff submitted an email, which included Doe Defendant's Motion to Quash (under Dkt No.
21  10) and Plaintiff's opposition (under Dkt No. 18) thereto. Within the same email, Plaintiff
22  explained that the evidence (specifically under Exhibits "B" and "E") directly relate to
23  Twitter's website by and through the "MFC_SCAM's" profile.[12]

24  Here, Twitter's second objection is without merit as the Complaint includes proper
25  
26  factual allegations. For example, Plaintiff alleges that Defendants have published numerous

27  ---
    [9] See Smythe Decl., ¶ 6.
28  [10] See Compl., ¶¶ 10, 13, 18; see also Smythe Decl., ¶ 7.
    [11] See Smythe Decl., ¶ 7.
    [12] See Smythe Decl., ¶ 8.

disparaging statements on Twitter's website.[13] Defendants posted Plaintiff's mortgage documents on Twitter's website using the "MFC_SCAM" profile.[14] Finally, on June 2, 2015, Defendants created a profile on Twitter.com and stated that Plaintiff is a "con artist woman."[15] Hence, these transactions are relevant to the Complaint and present investigation.

Further, fishing expeditions are expressly authorized by statute—i.e., the Discovery Act provides for discovery of matters "reasonably calculated to lead to discovery of admissible evidence." See *C.C.P. § 2017.010*; *Greyhound Corp. v. Sup.Ct. (Clay)* (1961) 56 C2d 355, 384, 15 CR 90, 104—"The method of 'fishing' may be, in a particular case, entirely improper ... But the possibility that it may be abused is not of itself an indictment of the fishing expedition per se"; *Gonzalez v. Sup.Ct. (City of San Fernando)* (1995) 33 CA 4th 1539, 1546, 39 CR 2d 896, 901.

### D. Plaintiff Is Requesting An Order Authorizing Twitter To Disclose Personally Identifying Information That Includes Protections To Its Subscribers

Here, Plaintiff is requesting an order authorizing Twitter to disclose personally identifying information that includes protections to its subscribers. Plaintiff has submitted her [Proposed] Order that is attached hereto and incorporated by reference herein in a manner for the subscribers to have sufficient notification of the Subpoena. Prior to, or on the day of service, Plaintiff will email copies of the Subpoena to the subscribers, pursuant to the Central District's order. Plaintiff will also instruct Twitter to give notice of the Subpoena to its subscribers, and to refrain from producing the basic subscriber information for twenty-one (21) days to give its subscribers time to file a motion to quash.

Therefore, Twitter's fourth objection is without merit because the Central District has reviewed Plaintiff's subpoenas and supplemental documents. In fact, the Central District has

---

[13] See Compl., ¶ 10.
[14] See Compl., ¶ 13.
[15] See Compl., ¶ 18.

already considered and/or imposed the relevant safeguards (e.g., First Amendment, Privacy) before Plaintiff was able to unmask the anonymous speakers (e.g., "Jalyn" and "SexyJalyn18") in a previous hearing.

### E. Plaintiff Is Not Seeking Any Content Of Communications From A Third Party That May Be In Violation Of State Or Federal Laws

Although, Plaintiff's objective is to seek basic subscriber information by and through the Subpoena, however, Twitter's fourth objection may be justified due to the language used in the Subpoena. Therefore, Plaintiff is willing to modify the Subpoena in order to limit its scope to only request basic subscriber information (e.g., name, address, telephone, email, and IP addresses) of the anonymous speakers (e.g., "MFC_SCAM").

However, Twitter's sixth objection is without merits since Plaintiff is not seeking any content of communications from a third party that may be in violation of state or federal laws, including, but not limited to, *18 U.S.C. § 2701 et seq.* See *American Piledriving Equipment, Inc. v. Travelers Cas. & Sur. Co. of America*, 2011 WL 5402441 (D. Md. 2011) (motion to quash denied when nonparty did not establish that materials sought were privileged); *Zhou v. Pittsburg State Univ.*, D.C.Kan.2002, 2002 WL 1932538 (stating that there is no absolute privilege for confidential information); *Stewart v. Mitchell Transp.*, D.C.Kan.2002, 2002 WL 1558210 (party may not rely on confidential nature of documents as basis for refusing to produce them, because confidentiality does not always signify privilege).

Furthermore, Twitter's fifth objection is without merit as the Subpoena is not vague, overbroad, and unduly burdensome. The users or accounts identified in Plaintiff's Subpoena are, in fact, Twitter users or accounts (i.e., "MFC_SCAM"). Also, in its objection, Twitter has failed to explain why the records are not reasonably accessible pursuant to the guidelines set forth under Rule 45(e)(1)(D) of the Federal Rules of Civil Procedure. See also *Fed. R. Civ. P. Rule 26(b)(2)*.

### F. Plaintiff Moves For An Order Shortening Time To Hear This Motion Due To The Exigent Circumstances

At this time, the United States has no mandatory data retention laws. See https://www.eff.org/issues/mandatory-data-retention/us; Cf. Anne Cheung & Rolf H. Weber, *Internet Governance and the Responsibility of Internet Service Providers*, 26 Wis. Int'l L.J. 403 (2008); Christopher Soghoian, *An End to Privacy Theater: Exposing and Discouraging Corporate Disclosure of User Data to the Government*, 12 Minn. J.L. Sci. & Tech. 191, 209-214 (noting that some ISPs in Sweden have enacted zero data retention policies in response to customer demands, but none of the major American ISPs or telecommunications carriers have made such enactments). **As such, there is a probability that Twitter will delete the relevant data from its servers in the near future.** Therefore, if this Motion is not granted, Twitter may no longer yield the requested basic subscriber information.[16]

In the past, the courts have recognized that, absent a court-ordered subpoena, many of ISPs, who qualified as "cable operators" for purposes of 47 U.S.C. § 522(5), were effectively prohibited by 47 U.S.C. § 551(c) from disclosing identities of putative defendants to plaintiff. See *Digital Sin, Inc. v. Does 1-176* (S.D. N.Y. 2012) 279 F.R.D. 229.

As stated hereinabove, Twitter has failed and/or refused to comply with the Subpoena. In this case, Plaintiff has utilized all avenues and options to resolve this matter without judicial intervention. However, based upon Twitter's objections, Plaintiff needs a court order to obtain the necessary basic subscriber information to identify Doe Defendants.[17] Therefore, Plaintiff hereby moves for an Order Shortening Time pursuant to the applicable rules and regulations, including, but not limited to, Local Rule 6.1 et seq.

---

[16] See Smythe Decl., ¶ 9.
[17] See Smythe Decl., ¶ 9.

PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests from this Honorable Court to grant this Motion and issue an Order to compel non-party deponent, Twitter, to comply with the Subpoena and produce all responsive documents. Furthermore, Plaintiff hereby moves for an Order Shortening Time pursuant to Rule 6 of the Federal Rules of Civil Procedure and/or Local Rule 6-1 et seq.

Dated: November 24, 2015        **LAW OFFICES OF SALAR ATRIZADEH**

By:  /s/ Salar Atrizadeh
SALAR ATRIZADEH, ESQ.
Attorneys for Plaintiff
STEPHANIE SMYTHE