UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEPHANIE SMYTHE,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-10,<br><br>    Defendant. | Case No. 15-mc-80292-LB<br><br>**ORDER DENYING MOTION TO ENFORCE SUBPOENA**<br><br>[ECF No. 1] |

**INTRODUCTION**

This is a miscellaneous action in which plaintiff Stephanie Smythe moves the court to enforce a subpoena against non-party Twitter, Inc. The subpoena asks for information that would reveal the identity of the anonymous user or users behind two Twitter accounts. Twitter objects to the subpoena on First Amendment and other grounds. This matter can be decided without oral argument; the court thus vacates the hearing that is set for January 14, 2016. *See* Civil L.R. 7-1(b). The court finds the First Amendment issue dispositive: The plaintiff has failed to make the showing that is needed to uncover the identity of anonymous speakers under *In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011), and *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005). The court therefore denies the plaintiff's motion.

ORDER - No. 15-mc-80292-LB

**STATEMENT**

The plaintiff maintains a pornographic commercial website. (ECF No. 5-8 at 5.)[1] Twitter runs an Internet social-networking site on which people can post text and images. (*See* ECF No. 5 at 2; ECF No. 1-3 at 2-3.) In posting such material, Twitter users need not use their real names or otherwise publicly identify themselves. The plaintiff claims that someone (or some people) using two anonymous Twitter accounts, under the names *@C12H22011_UK* and *@mfc_scam*, illegally accessed her website, obtained personal information about her, disclosed that information, uploaded her "mortgage documents" to Twitter, and made "defamatory comments about her." (ECF No. 1 at 7.) She sued these anonymous users as Doe defendants in the Central District of California, bringing claims for: computer fraud and abuse under 18 U.S.C. § 1030; invasion of privacy; civil harassment under California Code of Civil Procedure § 527.6; intentional infliction of emotional distress; and negligent infliction of emotional distress. (ECF No. 5-8 (complaint).) Her motion in this court also asserts that she is suing the defendants for defamation. (ECF No. 1 at 3, 5.) No freestanding defamation claim appears in her underlying complaint, though both her emotional-distress claims cite the defendants' alleged "harassment" and "defamation." (*Id.* at 8 [¶ 50], 9 [¶ 56].)

She now seeks to compel Twitter to respond to a subpoena demanding information that would identify the *C12H22011_UK* and *mfc_scam* users. For both accounts, she asks for the following: "Any and all information, including, but not limited to, name, address, telephone number, e-mail address, account creation / deletion date, Internet Protocol, and/or Media Access Control addresses, that is sufficient to identify" the two users. (ECF No. 1-1 at 3.)

Her underlying complaint mentions neither the *C12H22011_UK* nor the *mfc_scam* user. (ECF No. 5-8.) Her motion in this court does not mention *C12H22011_UK*. (ECF No. 1, *passim*.) With respect to *mfc_scam*, the plaintiff submits two items. The first is her declaration, which states:

> My investigation indicates that Doe Defendants used the services of Twitter to engage in unlawful activities against me. For example, my investigation has determined that the "MFC_SCAM" profile was used to upload my mortgage

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

ORDER – No. 15-mc-80292-LB

2

documents online and post defamatory comments about me. Stated otherwise, an unknown person used the "MFC_SCAM" profile that was owned, operated, or registered by Twitter, to engage in unlawful conduct.

(ECF No. 1-4 at 3 [¶ 7].)

The second item consists of two images reproducing *mfc_scam's* Twitter webpage. (ECF No. 1-3 at 2-3.) These "screenshots" contain a number of *mfc_scam's* Twitter posts — that is, short segments of text that can also contain images. The salient image is of a document whose heading contains the word "MORTGAGE" but that is otherwise illegible. (*Id.* at 2.) The screenshots also contain the following text posts (all grammar, spelling, and punctuation in original):

> @indy_39 may not be on the mortgage but he's certainly making the payments for Ginny's 40 yr old unemployed husband
>
> Not jealous of @GinnyPotterMFC. Just feel sorry for @G1PotterBF and the other's supporting a lazy husband and con artist woman. @GGWOW1
>
> Does @G1PotterBF even realize he has been supporting Mr. GinnyPotter and @GinnyPotterMFC all these years?
>
> twitter.com/GinnyPotterMFC . . . Giving ur minions an extra day to enter ur scam data raffle where only winners r u and ur husband @GinnyPotterMFC?

(*Id.* at 2-3.) On the filed exhibit the post containing the term "con artist" has been circled. (*Id.* at 3.)

\* \* \*

## GOVERNING LAW

"It is well established that the First Amendment protects the right to anonymous speech." *Art of Living Found. v. Does 1-10*, No. 10-5022, 2011 WL 5444622, \*3 (N.D. Cal. Nov. 9, 2011) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). "As with other forms of expression the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . or concern about social ostracism.'" *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting in part *McIntyre*, 514 U.S. at 341-42). "However, the right to anonymity is not absolute." *Art of Living*, 2011 WL 5444622 at \*4; *accord Anonymous Online Speakers*, 661 F.3d at 1173 ("The right to speak, whether anonymously or otherwise, is not

unlimited . . . ."). "Where anonymous speech is alleged to be unlawful, the speaker's right to remain anonymous may give way to a plaintiff's need to discover the speaker's identity in order to pursue its claim." *Art of Living*, 2011 WL 5444622 at *4.

In *Anonymous Online Speakers*, the Ninth Circuit reviewed the developing tests in the area of anonymous online speech. 661 F.3d at 1174-77. "[I]n choosing the proper standard to apply, the district court should focus on the 'nature' of the [defendant's] speech . . . ." *Art of Living*, 2011 WL 5444622 at *5 (citing *Anonymous Online Speakers*, 661 F.3d at 1177 ("[T]he nature of the speech should be a driving force in choosing a standard by which to balance the rights of anonymous speakers in discovery disputes.") and *SI03, Inc. v. Bodybuilding.com, LLC*, 441 F. Appx. 431, 431-32 (9th Cir. 2011) (same)).

Of the approaches that *Anonymous Online Speakers* discussed, the one that best suits this case is the test enunciated in *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005). The Ninth Circuit has indicated that the *Highfields Capital* test is of medium rigor, appropriate where, as here, the challenged speech falls somewhere beneath the most protected realm of "political, religious, or literary" discourse; is, in significant part, "commercial speech" that enjoys "lesser" protection; but may be more safeguarded than pure "fighting words and obscenity," which is "not protected by the First Amendment at all." *See Anonymous Online Speakers*, 661 F.3d at 1173, 1175-76; *Art of Living*, 2011 WL 5444622 at *5.

The challenged speech in this case consists of an uploaded image that is allegedly of the plaintiff's "mortgage documents," as well as supposedly derogatory remarks about the plaintiff. (*See* ECF No. 1 at 7.) It is not clear whether these remarks were aimed at the plaintiff personally, in her commercial capacity, or both. The court views the statements as a form of social or commercial criticism. They may not be either of those things perfectly. But neither are they "political, religious, or literary" commentary, at one end of the First Amendment spectrum, or, at the other, "fighting words or obscenity." The *Highfields Capital* test thus best suits this intermediate speech. However it is most aptly labeled or categorized, the court has kept in mind the specific content of the challenged speech in weighing the plaintiff's request in light of the First Amendment.

Under *Highfields Capital*, a party seeking to discover the identity of an anonymous speaker must first "persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Highfields Capital*, 385 F. Supp. 2d at 975-76. If the plaintiff makes this showing, the court must then "assess and compare the magnitude of the harms that would be caused to the [plaintiffs' and defendants'] competing interests" by ordering that the defendant's identity be disclosed. *Id.* at 976. If such an assessment reveals that disclosing the defendant's identity "would cause relatively little harm to the defendant's First Amendment and privacy rights," but is "necessary to enable [the] plaintiff to protect against or remedy serious wrongs," then the court should allow the disclosure. *Id.*

\* \* \*

**ANALYSIS**

**1.** *Highfields Capital* — **"Real evidentiary basis"**

The first prong of *Highfields Capital* requires the plaintiff to demonstrate that its claims rest on a "real evidentiary basis." *Highfields Capital*, 385 F. Supp. at 975-76. "It is not enough for a plaintiff to plead and pray. Allegation and speculation are insufficient." *Id.* at 975. "[T]he plaintiff must adduce *competent evidence*" of each fact that is "essential" to "at least one of [its] causes of action." *Id.* at 975-76 (emphasis in original). The Ninth Circuit's discussion in *Anonymous Online Speakers* suggests that this is a requirement of moderate rigor. More demanding than the "good faith" or "motion to dismiss" standard that some courts have used, the *Highfields Capital* "real evidentiary basis" prong is less demanding than the "most exacting" test, enunciated in *Doe v. Cahill*, 884 A.2d 451 (Del. 2005), which requires a plaintiff to submit "sufficient evidence" of each element of its claims "to survive a hypothetical motion for summary judgment" — and which *Anonymous Online Speakers* indicates is not appropriate to speech akin to that at issue here. *See Anonymous Online Speakers*, 661 F.3d at 1175-77.

\* \* \*

### 1.1 The *C12H22011_UK* account

The plaintiff has not shown a "real evidentiary basis" for any claim against the *C12H22011_UK* user. Her underlying complaint does not mention this user. (ECF No. 5-8, *passim*.) Nor does her motion to this court. (ECF No. 1, *passim*.) She does not explain how the *C12H22011_UK* user defamed her, invaded her privacy, harassed her, or illegally accessed her website. She presents no evidence from which the court could infer any of these things. The court thus denies her motion to enforce the subpoena with respect to the *C12H22011_UK* account.

* * *

### 1.2 The *mfc_scam* account

The plaintiff has not shown a "real evidentiary basis" for a claim against the *mfc_scam* user under any of the theories advanced in her complaint. The court has been given very little to go on here — and not enough to warrant breaching the anonymous users' First Amendment rights.

Consider the evidence to which the plaintiff has directed the court. The image of the "mortgage document" on *mfc_scam*'s Twitter page is (apart from the word "mortgage" in its heading) wholly illegible. It is impossible to say even that this is a page from the *plaintiff's* mortgage. As for the posts referring to "GinnyPotterMFC," the plaintiff has not explained how these relate to her. Nor has she shown that these posts provide a "real evidentiary basis" for any of her claims. She does not analyze these posts in light of the pertinent legal rules to show that the challenged comments constitute a "real evidentiary basis" for defamation, or emotional distress, or any other claim that her complaint asserts.

The term "con artist" is clearer on its own. More than any other element in the screenshots, however, this comment lends itself to being commercial speech — that is, legitimate commercial criticism. Without more treatment than the plaintiff has given it, the court cannot say that the remark alone quickens any of her legal theories.

The lone evidentiary statement in the plaintiff's declaration (ECF No. 1-4 at 3[¶ 7]) does not usefully advance her case. Her statement mainly recites her most basic and most general allegations: that the *mfc_scam* account was used to "upload [her] mortgage documents," "post defamatory comments," and so "to engage in unlawful conduct." (*Id.*)

ORDER – No. 15-mc-80292-LB

6

From none of this material does the plaintiff explicate a "real evidentiary basis" for any of her claims. Her motion does little more than restate her basic allegations. This is not enough. As *Highfields Capital* states:

> It is not enough for a plaintiff simply to plead and pray. Allegation and speculation are insufficient. . . . [T]he plaintiff must adduce *competent evidence* — and the evidence plaintiff adduces must address *all* of the inferences of fact that plaintiff would need to prove in order to prevail under at least one of the causes of action plaintiff asserts. . . . The court may not enforce the subpoena if, under plaintiff's showing, any *essential* fact or finding lacks the requisite evidentiary support.

*Highfields Capital*, 385 F. Supp. 2d at 975-76 (emphases in original). The plaintiff's showing does not meet this standard. To hold that the submitted material constitutes a "real evidentiary basis" for any of her claims, the court would have to ride a cascade of inferences to a point teetering on, and maybe verging into, outright speculation. Given the important First Amendment concerns in play here, and the specific demands of the *Highfields Capital* test, that is not a route the court is inclined to take.

\* \* \*

2. *Highfields Capital* — **Balancing**

Because the plaintiff has not shown that the challenged comments yield a real evidentiary basis for her claims against either user, the court does not reach the second, balancing prong of the *Highfields Capital* test, and expresses no view on how that part of the test would play out in this case. *See Highfields Capital*, 385 F. Supp. 2d at 976 ("The court proceeds to the second component of the test if, but only if, the plaintiff makes an evidentiary showing sufficient to satisfy the court in the first component of the test.").

\* \* \*

## CONCLUSION

The plaintiff has not shown a "real evidentiary basis" for any of her claims against the @*C12H22011_UK* and @*mfc_scam* users. She therefore has not given the court enough to overcome these anonymous users' First Amendment rights. The court denies the plaintiff's motion to enforce the subpoena. The court expresses no view on Twitter's other objections to that subpoena.

This disposes of ECF No. 1.

**IT IS SO ORDERED.**

Dated: January 5, 2016

LAUREL BEELER
United States Magistrate Judge